UNITED STATES, Appellee,

v.

Private (E–1) Cleiman DeOLIVEIRA, SSN 264–31–7416, United States Army, Appellant.

SPCM 13140.

U. S. Army Court of Military Review.

28 April 1978.

---

**624**

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Steven M. Werner, JAGC, and Captain Richard A. Canatela, JAGC, were on the pleadings for appellee.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant, pursuant to his pleas, was convicted of absence without leave (2 specifications) in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, by a military judge sitting as a special court-martial. He received an approved sentence that included a bad-conduct discharge, ten days confinement at hard labor, and forfeiture of $75.00 per month for three months.

On appeal, appellant contends that the trial court committed error in admitting into evidence a summary court-martial conviction and three non-judicial punishments (Prosecution Exhibits 2, 3, 4, and 5 respectively) in violation of the decision of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977).

With regard to the summary court-martial conviction, *Booker* requires that in order for such conviction to be used for the purpose of enhancement of punishment, an accused must either be represented by counsel or execute a written waiver of assistance of counsel and accept trial by summary court-martial.[1] The foregoing new rule involves matters concerning procedural due process of law and a departure from procedural concepts previously accepted. In addition, *Booker* did not address the issue of retrospective application of the new rules concerning summary courts-martial.

In determining whether or not a new rule is retrospective in operation, courts are required to weigh the merits or demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.[2]

Where the issue involves matters concerning procedural due process of law, each case must be determined by weighing the complex interests involved with regard to (1) purpose to be served by the new standard, (2) the extent of reliance on the old standards and, (3) the effect upon the administration of justice by a retroactive application of a new rule or standard.[3]

Here, the new standards enunciated in *Booker* with regard to summary court-martial convictions limited their application henceforth to disciplinary actions concerned solely with minor military offenses. In addition, it prescribed specific standards with regard to waiver of assistance of counsel as heretofore enumerated.

The new standards represent an abrupt departure from the old substantive and procedural application of summary court-martial. Convictions obtained prior to *Booker* were obtained in good faith based upon

---

1. *United States v. Booker*, 5 M.J. 238, 243 (C.M.A.1977). *See also* footnotes 18 and 20 of that opinion.

2. *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

3. *Id.; Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

existing precedent and represent an operative fact which cannot be justly ignored.[4]

An untold number of convictions by summary courts-martial have been obtained in the past based upon the previous existing legal precedent. Retrospective application of the *Booker* standards would bar these convictions from use in military courts-martial. Retrospective application would, we believe, have an adverse impact upon the administration of criminal justice in the Armed Forces and such application would not provide stability, certainty or predictability to the law. Accordingly, we do not believe that the new standards enunciated in *Booker* would be enhanced by retrospective application. We therefore hold that the new standards and rules pertaining to use and application of convictions by summary courts-martial are limited to those summary courts-martial tried thirty days after the effective date of the decision in *United States v. Booker, supra.*[5] Accordingly, we find no error in the admission into evidence of Prosecution Exhibit 2.

With regard to the remaining non-judicial punishments admitted into evidence, examination of the documents in question indicates that Prosecution Exhibit 3 was imposed upon the accused more than two years prior to its admission into evidence. Paragraph 3–15b(3)(d)3, AR 27–10, C–17, dated 15 August 1977, requires Prosecution Exhibit 3 to be removed from the accused's 201 file two years after imposition of punishment. Accordingly, the admission of Prosecution Exhibit 3 was error.

This Court has been unable to agree upon the impact of the *Booker* decision upon the admission into evidence of non-judicial punishments. However, we are unanimous in our view that whatever the impact of *Booker* may ultimately be, there is no prejudice

to this appellant with regard to Prosecution Exhibits 4 and 5. *United States v. Washington,* 5 M.J. 615 (A.C.M.R. 1978).

The remaining assignments of error have been considered and are deemed to be without merit.

The findings of guilty are affirmed. Reassessing the sentence based upon the above-indicated error and the entire record, the sentence is affirmed.

Judge MITCHELL concurs.

JONES, Senior Judge, concurring in part and dissenting in part:

I agree with the majority that the rule requiring waivers to be in writing should apply only to summary courts-martial held after the effective date of the *Booker* decision.[1] I disagree, however, that the requirement for the judge to conduct an inquiry on the record should also be limited to summary court-martial convictions occurring after *Booker*. In my opinion the latter requirement should apply to all trials held after the effective date of *Booker*,[2] without regard to when the summary court-martial conviction occurred.

In the instant case, the appellant was tried 31 days after the date of the decision in *Booker*. His defense counsel objected to the admissibility of a record of previous conviction by summary court-martial and to three records of punishment pursuant to Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815. The basis of his objection was the failure of the prosecution to establish on the record that appellant was properly advised of his right to consult with counsel before deciding whether to accept the summary court-martial and the non-judicial punishments; and the failure to establish that appellant knew he had the

---

4. *See United States v. Martin,* 4 M.J. 852 (A.C. M.R. 1978), and the cases cited therein.

5. October 11, 1977. We believe that a thirty day delay in the effective date of implementation will insure adequate time for the mandate to issue and for the decision to be distributed to counsel and judges.

1. *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977).

2. I agree with the majority that to insure adequate time for the mandate to issue and for the decision to be distributed to counsel and judges, a 30-day delay from October 11, 1977, would be appropriate.

right to refuse those types of disciplinary proceedings.[3] Although the military judge on two occasions invited the prosecution to bring in the necessary witnesses to testify as to the advice given the appellant, the trial counsel declined to do so and the judge did not force the issue. She overruled the objection and admitted the records.

The United States Court of Military Appeals in *Booker* stated that "evidence of the imposition of discipline under either [a summary court-martial or an Article 15] is inadmissible in any subsequent trial by court-martial . . ." unless there was compliance with the requirement to tell an accused of his right to confer with individual counsel before deciding whether to accept a summary court-martial or an Article 15. 5 M.J. at 243. The Court further stated that any waiver by an accused of the right to demand trial had to be in writing; and that a check in a box on the Record of Trial by Summary Court-Martial (DD Form 458, page 4) was insufficient to establish that waiver. Where there is no valid personal waiver in writing, "the trial judge must conduct an inquiry on the *record* to establish the necessary information." (emphasis in original) 5 M.J. at 244.

In the instant case there was no showing that the appellant was advised of his rights under Article 20, UCMJ, to consult with counsel and to object to summary court-martial, and there was no written waiver of those rights. Therefore, under *Booker*, the military judge had a duty to make an inquiry on the record. Left for determination is the date that requirement became applicable.

Judge DeFord, for the reasons stated in his majority opinion, concluded that the requirement for the judge to make an inquiry applied only to cases in which the summary court-martial disciplinary action was conducted after the effective date of the *Book-*

*er* decision. I make a distinction, however, in the applicable date of the requirement for a written waiver and the applicable date of the requirement for the military judge to make an inquiry. The reason for my distinction is in the difference in the prior requirements for the two procedures.

There was no previous requirement that the waiver be in writing but there was a previous requirement that the summary court-martial officer advise an accused of his rights.[4] The *Booker* decision changed the former but not the latter. *Booker* added nothing concerning the advise but only changed the procedure of a subsequent court-martial when a summary court-martial record of disciplinary action is offered into evidence to enhance or aggravate punishment. *Booker* no longer permits a court to indulge in the presumption that a summary court-martial officer performed his duty properly in advising an accused. Such advice must now be established in the record, either by the written waiver or by an inquiry by the judge. Therefore, I conclude that the judge-inquiry aspect of *Booker* should apply to trials conducted after the date of that decision. As the military judge did not conduct such an inquiry in this case which was tried 31 days after *Booker*, I would hold the summary court-martial record of conviction to be inadmissible.

I agree with the majority that one of the records of non-judicial punishment was inadmissible and the other two were admissible. However, I disagree with them that no reassessment of the sentence is necessary.

The appellant was convicted of a two-day and a thirty-day AWOL. The inadmissible summary court-martial record was for four separate failures to repair and the inadmissible Article 15 punishment was for a one-hour unauthorized absence. In my opinion those inadmissible records affected the sentence imposed. I would reassess.

---

3. I believe the military judge was incorrect in stating that the defense counsel could make an objection to the admissibility of those summary court-martial and Article 15 records of punishments only if he had a good faith ground to believe that the appellant was not advised of his rights and was unaware of them.

4. *See* paragraph 79*d*, Manual for Courts-Martial, United States, 1969 (Revised edition); Chapter 2, Department of Army Pamphlet 27–7.