**UNITED STATES, Appellee,**

**v.**

**Private First Class Cheryl A. GOULD, SSN 378–68–3424, United States Army, Appellant.**

**SPCM 15709.**

U. S. Army Court of Military Review.

19 April 1982.

Captain Edward J. Walinsky, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Major Charles A. Byler, JAGC.

Captain Thomas E. Booth, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

FOREMAN, Judge:

Contrary to her pleas, the appellant was convicted of wrongful possession of marihuana (Specification 1 of Charge III) and possession of 91.07 grams of marihuana with the intent to distribute, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976) (Specification 3 of Charge III). She was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $334.00 pay per month for six months, and reduction to Private E-1. The sentence was approved by the convening authority.

On 23 October 1981, in an unpublished opinion, we set aside the findings of guilty of Specification 1 of Charge III and affirmed only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $334.00 pay per month for five months and reduction to Private E-1. Our previous opinion is incorporated in Parts I and II of this opinion.

On 17 November 1981 we granted the appellant's motion for reconsideration to consider the appellant's contention that 21 U.S.C. § 841, the statute cited in Specification 3 of Charge III, does not apply extraterritorially. Our disposition of this contention is at Parts III and IV of this opinion.

### I. *The Search*

The appellant contends that the marihuana which was seized from a barracks room should have been excluded from evidence because it was the product of an unlawful search and seizure. We disagree.

On the evening of 11 June 1980, the appellant visited Private First Class Huttner at the latter's barracks room. Because the appellant was assigned to a different unit and barracks, she signed in with the Charge of Quarters, Sergeant Grate, upon entering the barracks. Approximately a half-hour later, Huttner left the barracks to attend a class, but arranged to meet the appellant afterwards at the education center, and left her room key with the appellant so she could lock the door upon leaving. The appellant, who had visited Huttner at her room before and on several occasions had stayed overnight, remained in the room to listen to the stereo.

During the period that the appellant was alone in Huttner's room, Sergeant Grate decided to billet a newly-arrived soldier in Huttner's room because Huttner's roommate was on leave. He escorted the new soldier to the room and he knocked on the door, but was told by another soldier that no one was in. He soon learned otherwise as he heard music in the room, which was shortly turned down, and he heard a noise in the room which caused him to believe that someone was trying to exit from the

room through the window. Sergeant Grate then ran out of the building to investigate. He looked in the window and saw the appellant rummaging in a dresser drawer. He ran back into the building and again knocked on Huttner's door and identified himself as the Charge of Quarters. Sergeant Grate testified that at this time he smelled the odor of marihuana or hashish coming from the room. When the appellant opened the door, the smell became very strong and he saw that the room was filled with smoke. He next testified that as he entered the room he directed the appellant to stand in the corner. Instead of doing so, she walked by the dresser and removed a brown paper bag from an open drawer and started walking toward the door. Sergeant Grate again told her to get in the corner, and as she went over to the corner, she put the bag back into the drawer. Sergeant Grate then looked into the open drawer and saw the open bag containing foil wrapped packets and three white packets which were loose in the drawer. He then removed the bag, the top of which had been cut off, and dumped its contents onto the top of the dresser.

At this time, the staff duty noncommissioned officer arrived and directed Sergeant Grate to place the items back into the bag and return it to the dresser drawer. The unit first sergeant then arrived and shortly thereafter telephoned the battalion commander, Lieutenant Colonel Tindall. The first sergeant was sworn and told the battalion commander that both he and Sergeant Grate had smelled marihuana in Huttner's room. Believing that they both were able to recognize the smell of marihuana and that they were reliable, the battalion commander authorized a search of the room. As a result of the search, the marihuana in the dresser was seized, as was a quantity of marihuana contained in three film cannisters—two on top of a refrigerator, and one in the refrigerator.

At trial, the defense moved to suppress the marihuana. The military judge denied the motion on the grounds that the appellant did not have an "adequate interest" under Military Rules of Evidence 311(a)(2).

We believe Sergeant Grate's entry into the room was lawful. In his capacity as charge of quarters, he assigned a newly-arrived soldier to the room, and escorted her to the door. At the door, Sergeant Grate heard music and movement in the room, which he believed should have been unoccupied. Properly acting on his suspicion when there was no answer to his knocking on the door, he went outside to see if anyone was escaping through the window. He looked into the window, not searching for any particular suspect or evidence of a crime, but in an effort to protect the security of the barracks, and saw the appellant near the dresser. Sergeant Grate's observations through the window were not a search within the meaning of the Fourth Amendment, or otherwise improper. *See United States v. Lewis*, 11 M.J. 188 (C.M.A.1981).

He returned to the door, knocked, and identified himself. As the appellant opened the door, Sergeant Grate smelled marihuana and noticed the room was smoke-filled. At this point we believe that Sergeant Grate acted lawfully in entering the room and placing the appellant under apprehension. *United States v. Acosta*, 11 M.J. 307 (C.M.A.1981); *United States v. Cunningham*, 11 M.J. 242 (C.M.A.1981); *United States v. Hessler*, 7 M.J. 9 (C.M.A.1979).

The evidence is conflicting on the question whether the marihuana was in plain view in the room or in a closed dresser drawer. Sergeant Grate testified that he saw the marihuana in an opened drawer; the appellant testified that Sergeant Grate opened the dresser drawer. However, we need not resolve this question since the appellant did not have an adequate interest to object to a search of the dresser. Although she may have had a limited expectation of privacy in the room as a casual visitor, that expectation did not extend to the interior of a dresser placed in the room for use by assigned occupants. *See* Military Rules of Evidence 311(a)(2); *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439

U.S. 128, 149, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978).

## II. Proof of Appellant's Knowing Possession of Marihuana

■ The appellant attacks the sufficiency of the evidence that she knowingly possessed the marihuana in Specifications 1 and 3 of Charge III. As to the 91.07 grams of marihuana wrapped in 35 individual packets (Specification 3 of Charge III), the uncontroverted testimony of Sergeant Grate on the merits was that after he had entered the room and ordered the appellant to stand in the corner, she took the bag containing the marihuana from the dresser drawer and placed it into her pocket. Upon again being told to get into the corner she removed the bag and three white packets and placed them back into the drawer. This demonstration of her dominion and control over the contraband is sufficient evidence of possession. *United States v. Burrell*, 5 M.J. 617, 623 (A.C.M.R.1978); *United States v. Reese*, 561 F.2d 894 (D.C. Cir.1977). *Cf. United States v. Wilson*, 7 M.J. 290, 292–93 (C.M.A.1979).

As to Specification 1 of Charge III, we are not convinced beyond a reasonable doubt that the appellant knew about the marihuana in the film cannisters in and on top of the refrigerator.

## III. Applicability of 21 U.S.C. § 841

The appellant contends that her conviction of Specification 3 of Charge III must be set aside because 21 U.S.C. § 841, upon which the specification is based, does not have extraterritorial application. We hold that 21 U.S.C. § 841 has extraterritorial application, but that it does not proscribe the conduct involved in this case.

■ Congress has the authority to enact statutes with extraterritorial application. *See generally* 45 Am.Jur.2d, International Law, Sec. 81. However, extraterritorial application of a statute must be based upon the intent of Congress or international law. *United States v. Bowman*, 260 U.S. 94, 98, 43 S.Ct. 39, 41, 67 L.Ed. 149 (1922). Otherwise, legislation is presumed to apply territorially. *American Banana v. United Fruit Co.*, 213 U.S. 347, 357, 29 S.Ct. 511, 513, 53 L.Ed. 826 (1909).

■ The issue in this case is one of statutory construction rather than the authority of Congress to proscribe and punish the conduct set out in the specification. The legislative history of 21 U.S.C. § 841 indicates that it was intended by Congress to apply extraterritorially, but that it is violated only when the "intent to distribute" is an intent to distribute within the United States. *United States v. Hayes*, 653 F.2d 8, 15–16 (1st Cir. 1981); *see United States v. Arra*, 630 F.2d 836 (1st Cir. 1980); *United States v. Martin*, 50 C.M.R. 314, 315, n.1 (A.C.M.R.), *affirmed*, 1 M.J. 75 (C.M.A. 1975).

■ However, in this case the trial counsel made no effort to prove that the appellant intended to distribute the hashish within the United States and the military judge did not instruct the court members that intent to distribute within the United States was an element of the offense. There is no evidence that the appellant intended to distribute the hashish within the United States. Therefore, we must set aside that portion of the specification alleging a violation of 21 U.S.C. § 841.

## IV. Offense Included in a Violation of 21 U.S.C. § 841

We turn next to the question whether we may affirm an included offense of possession of marihuana in violation of the first or second clauses of Article 134 even though the charged offense, alleged under the third clause, cannot be affirmed.

■ If the references to 21 U.S.C. § 841 are deleted from the specification, it would still allege that the appellant did, at the time and place alleged, "wrongfully, knowingly, and intentionally possess with intent to distribute a controlled substance, to wit: 35 individually wrapped pieces of marihuana in the hashish form, weighing approximately 91.07 grams." Such a specification would be substantially the same as the standard form specification for alleging possession of marihuana under the first or second

clauses of Article 134. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Appendix 6c, Form 144. "[I]f an offense is otherwise fully stated in an indictment or specification, an unnecessary reference to a statute is surplusage and does not render the particular pleading invalid." *United States v. Long*, 2 U.S.C. M.A. 60, 66, 6 C.M.R. 60, 66 (1952). We conclude that Specification 3 of Charge III alleges a violation of Article 134 without any references to 21 U.S.C. § 841.

■ Whether or not this Court may affirm an offense under the first or second clauses of Article 134, when the specification of which the appellant was convicted alleges a violation of the third clause, depends on the facts of each case. If the theory of prosecution was premised solely on the third clause of Article 134 and based on a violation of a statute set out in the specification, and the case was submitted to the trier of fact solely on that premise, then appellate courts will not affirm an included offense under the first or second clauses even though such an offense is encompassed by the language of the specification. *See United States v. Smith*, 21 U.S.C.M.A. 264, 45 C.M.R. 38 (1972); *United States v. Rowe*, 13 U.S.C.M.A. 302, 32 C.M.R. 302 (1962); *United States v. Almendarez*, 46 C.M.R. 814 (A.C.M.R.1972). On the other hand, an included offense under the first or second clauses of Article 134 may be affirmed as included in an offense alleged under the third clause if (a) it is described expressly or impliedly by the language of the specification; (b) the included offense is supported by the evidence; and (c) the included offense was encompassed by the theory of prosecution, so that the appellant was not

misled and was given an opportunity to defend against the included offense. *See United States v. Harvey*, 19 U.S.C.M.A. 539, 42 C.M.R. 141 (1970); *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952); *United States v. O'Neal*, 26 C.M.R. 924 (A.F.B.R.), *pet. denied*, 27 C.M.R. 512 (C.M. A.1958); *see also United States v. Mayo*, 12 M.J. 286 (C.M.A.1982).*

■ In this case the included offense is expressly described by the language in the specification and supported by the evidence. The parties agreed that a violation of the first or second clauses of Article 134 was an included offense, and the military judge submitted the included offense to the court members for consideration. We conclude that, under the facts of this case, we may affirm so much of Specification 3 of Charge III as alleges wrongful possession of marihuana, with intent to distribute, in violation of the first and second clauses of Article 134.

The decision of this Court in this case, dated 23 October 1981, is withdrawn and the following substituted therefor. The finding of guilty of Specification 1 of Charge III is set aside and that charge is dismissed. Only so much of Specification 3 of Charge III is affirmed as finds that the appellant did, at the time and place alleged, wrongfully possess 91.07 grams of marihuana in hashish form with intent to distribute. The finding of guilty of Charge III is affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $334.00 pay per

---

* In *United States v. Mayo*, 12 M.J. 286 (CMA 1982), the Court found that a violation of the first clause of Article 134 was included in an allegation of a violation of 18 U.S.C. § 844(e) (use of telephone or other instrument of commerce to make bomb threat). However, unlike *Mayo*, in this case the court members were not required to expressly find that the statutory violation was prejudicial to good order and discipline or service discrediting. However, they were instructed on the elements of the included offense, including the requirement

that the conduct be prejudicial to good order and discipline or service discrediting. In *Mayo* the trial judge instructed the court members that they must find that the conduct constituting the violation of 18 U.S.C. § 844(e) was prejudicial to good order and discipline. While we do not consider such an instruction necessary in order to permit us to affirm an included offense under the first or second clause of Article 134, such an instruction is indicative of the premise on which the case was tried.

month for five months, and reduction to the grade of Private E–1.

Senior Judge CARNE and Judge O'DON-NELL concur.